IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN EARLE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **NO. 15-6173** |
| **PHILADELPHIA SHERIFF DEPT.** | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                       February 4, 2016

Kevin Earle, acting *pro se*, brings this § 1983 action against the Philadelphia Sheriff Department for violating his Eighth Amendment right to be free from cruel and unusual punishment. He also asserts a state law personal injury claim.

Moving to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), the Sheriff Department argues that Earle's claims are barred by the two-year statute of limitations. Earle does not dispute that his case was filed more than two years after he was injured. He argues that because his injuries are continuing and his attorney misled him regarding when he could file suit, the statute of limitations does not bar his action.

Because Earle filed his action beyond the limitations period, his claims are time-barred. Therefore, we shall dismiss his complaint.

### Factual and Procedural Background[1]

On August 23, 2011, as he was being transferred by the Sheriff Department by bus from the courthouse to the county prison, Earle was injured.[2] There were more inmates than there were available seats on the bus.[3] Earle, shackled to a blind inmate,

---

[1] The facts are recited from the complaint. For purposes of considering the motion to dismiss, we accept the facts alleged as true and draw all reasonable inferences from them in Earle's favor.

[2] Compl. ¶¶ 3-4. Earle does not specify the institution to which he was transferred.

[3] *Id.* ¶¶ 5, 7.

was ordered to stand in the aisle of the bus.[4]  When the bus driver abruptly applied the brakes, Earle's chest struck a seat and his head hit a steel separation door.[5]  He felt a sharp pain in his neck and lost consciousness.[6]

Earle remained on the floor until the bus arrived at the prison approximately twenty minutes later.[7]  Upon his arrival, he was taken to a hospital.[8]  There, he was given medication for his headache and an x-ray was taken, which was negative.[9]  He was diagnosed with a neck strain and a laceration to his head.[10]

Earle filed a complaint in the Philadelphia Court of Common Pleas on July 6, 2015.[11]  After removing the action, the Sheriff Department moved to dismiss it, arguing that the action is barred by the two-year limitations period.  It also argues that the Sheriff Department is not a legal entity capable of being sued.

Earle counters that the action is not time-barred.  He argues that the wrongful conduct constitutes a continuing violation because "he has an ongoing condition."[12]  He also contends that he was prevented from filing suit within two years of the incident because "he suffered abandonment of counsel."[13]

---

[4] *Id.* ¶¶ 6, 8.

[5] *Id.* ¶¶ 10-11.

[6] *Id.* ¶ 12.

[7] *Id.* ¶ 14.

[8] *Id.* ¶ 15.

[9] *Id.* ¶¶ 15-16.

[10] *Id.* ¶ 16.

[11] Even though the complaint was docketed on July 6, 2015, it was signed on May 24, 2015.

[12] Resp. in Opp'n to Mot. to Dismiss ¶ 5.

[13] *Id.*; *see* Compl. ¶¶ 17-19.

**Standard of Review**

Typically, a statute of limitations defense cannot be raised in a Rule 12(b)(6) motion. However, when it is apparent on the face of the complaint that the statute of limitations has expired, the complaint may be dismissed at the pretrial stage. *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n. 14 (3d Cir. 2006).

A *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in Earle's complaint and draw all possible inferences from these facts in his favor.

**Analysis**

The statute of limitations in a § 1983 action is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. 42 Pa.C.S. § 5524.

Earle's claims accrued on August 23, 2011, the date when he was injured on the bus. Earle had until August 23, 2013 to bring his action. He did not file his complaint until more than three years and nine months after his causes of action had accrued.

The Pennsylvania statute of limitations for personal injury actions begins to run when the plaintiff knows of his injury, its operative cause, and the causal connection of the injury to the operative cause. *Anthony v. Koppers Co.*, 425 A.2d 428, 431 (Pa.

Super. 1980), *rev'd on other grounds*, 436 A.2d 181 (Pa. 1981). In most cases, knowledge of the injury and its cause are contemporaneous.

Earle knew he was injured and what caused his injury on August 23, 2011. Thus, the statute of limitations began to run on that date.

Earle argues that the continued effects of his injuries implicate the continuing violations doctrine. He is incorrect. The doctrine does not apply where the plaintiff was aware of his injuries when they occurred. *Montanez v. Sec'y, Pa. Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014).

There is no question that Earle was aware of his injuries on the day they occurred. He asserts that he "suffers with unknown injury's [*sic*]" and he has "an ongoing condition."[14] That he continues to suffer the effects of these injuries does not excuse his failure to file his claim within the limitations period. *See Montanez*, 773 F.3d at 481.

Earle's argument that the limitations period should be equitably tolled due to alleged misrepresentations of the attorney who had agreed to represent him and terminated the relationship before filing a complaint has no legal merit. Mistake or misunderstanding does not toll the statute of limitations. *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005) (citing *Nesbitt v. Erie Coach Co.*, 204 A.2d 473, 475 (Pa. 1964)). An attorney's negligent failure to file a claim on behalf of a client does not toll the limitations period. *Thomas-Warner v. City of Phila.*, No. 11-5854, 2011 WL 6371898, at *9 (E.D. Pa. Dec. 20, 2011); *see also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Hunsicker*

---

[14] Resp. in Opp'n to Mot. to Dismiss at 2-3.

*v. Connor*, 465 A.2d 24, 27 (Pa. Super. 1983) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).

On January 24, 2013, counsel advised Earle that he could not proceed with the case until Earle was released from prison.[15] Then, on July 5, 2013, shortly before the limitations period was about to expire, counsel sent Earle a letter notifying him that he was closing the file because Earle was still incarcerated.[16] He also advised Earle that he had to pursue his claims within two years from August 23, *2013*, even though his causes of action had accrued on August 23, *2011*.[17] This advice, even though it was misleading and incorrect, does not extend the limitations period.

Because Earle's complaint is time-barred, we shall grant the motion to dismiss it. Because we dismiss the complaint in its entirety on limitations grounds, we need not address the Sheriff Department's argument that it is not a legal entity capable of being sued. It would be futile to grant leave to amend his complaint because the statute of limitations for each of his claims has expired. *See Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003).

---

[15] Resp. in Opp'n to Mot. to Dismiss, Ex. B.

[16] *Id.*, Ex. C.

[17] *Id.*